# W. H. HOWARD v. J. J. BISHOP.

Western Section. March 23, 1928.

Petition for Certiorari denied by Supreme Court, May 26, 1928.

Walter H. Conatser and J. Frank Park, of Jefferson City, for plaintiff in error.

C. T. Rankin, of Jefferson City, for defendant in error.

HEISKELL, J. On January 15, 1927, W. N. Howard filed his petition addressed to the chairman of the county court of Jefferson county in which he stated as follows:

"Your petitioner, W. N. Howard, would respectfully show unto your honor that Mrs. W. N. Howard his wife, was at the time of her death on January 12, 1927, the guardian of Hollis Roy Bishop, a minor, under appointment of this court and that she was the grandmother of the minor, Hollis Roy Bishop and that he is the grand-

father of said minor. He would further show unto your honor that he has raised this boy from a baby and that he feels toward him as he would his own and has the best interest of the child always at heart.

"Further, that the mother of this minor is also dead and that he is the nearest living relative to said minor and as such has and should have the right to be his guardian or to select one whom he believes would be a good guardian for him, in preference to any other person.

"Also that on this day at Dandridge application was made to this court for papers of appointment as guardian for this minor by J. J. Bishop, and that representations were made to the clerk of this court that he had been selected by your petitioner as such guardian when such representations were false and that petitioner had not in fact selected or had any talk with the said J. J. Bishop about his appointment as such guardian and that such is not his wish now and never was and that he relies upon his rights to select a guardian and this he wishes to do."

Petitioner further states that papers appointing Bishop and bond have not been completed, and asks that the order appointing Bishop be set aside and that he, W. N. Howard, be appointed. This was afterwards amended so as to ask that J. R. Howard the son of W. N. Howard, be appointed guardian.

On January 20, 1927, J. J. Bishop filed with the clerk of the county court, the request of Eva Bishop, the paternal grandmother of the minor, that he be appointed guardian and moved to dismiss the petition of W. N. Howard because it showed no ground for cancelling and revoking the letters of guardianship of J. J. Bishop.

The matter was heard before the chairman of the county court on January 22, 1927, and an order entered setting aside the appointment of J. J. Bishop and appointing J. R. Howard guardian for said minor. From the action of the county chairman, J. J. Bishop appealed to the circuit court, where the matter was heard without a jury and the court held that no ground was shown for removing Bishop as guardian, dismissed the petition of Howard and remanded the case to the county court with directions to allow Bishop to make bond as guardian, giving him reasonable time to do so, and that thereupon he be recognized as guardian of said minor.

From the judgment of the circuit court W. N. Howard has appealed to this court and assigned errors.

The second and third assignments set up that the circuit court erred in treating this case as one to remove a guardian, when the proof showed that it was agreed before the county chairman that he might hear and determine the matter as if no letters had been granted to J. J. Bishop. In other words, as if upon the two pending petitions for appointment of a guardian.

If such an agreement was made in the county court and that court by virtue of that agreement so considered and acted upon the case, then the decision was the exercise of the discretion of the chairman as between two applicants, and the burden would be upon Bishop to show an improper exercise of discretion in appointing Howard. There is no such contention, therefore, if the agreement is made out the decision of the lower court is erroneous. But if there was no such agreement and the case is to be considered as a petition to remove a regularly appointed guardian, the burden rested upon Howard to show grounds for such removal and the action of the circuit court must be affirmed. The case turns, therefore, upon the proof as to said agreement, the question being made in the motion for a new trial in the circuit court as well as in the assignments of error.

The petition of Howard sets out these facts which are not denied by the defendant. The wife of petitioner was guardian of the minor Hollis Roy Bishop. She died on January 12, 1927, and on the 13th J. J. Bishop appeared and asked to be appointed guardian. W. N. Howard was the maternal grandfather. He and his wife, the maternal grandmother, had raised the boy from a baby. It is alleged in the petition and shown in proof that when J. J. Bishop appeared before the chairman of the county court and the clerk that he stated that he wanted to be appointed guardian and that his appointment would be satisfactory to all interested, so far as he knew. That therefore he was appointed and to save him a trip back to Dandridge, he was sworn as guardian and letters issued to take effect when he executed bond. This, the clerk testifies was on January 13th, the day after the guardian, Mrs. Howard, died. All the circumstances indicate that Bishop knew his appointment would be objectionable to Howard and therefore that he deceived the court. It appears that when Mrs. Howard was appointed guardian, Bishop had tried to have himself appointed and failed. No doubt the same considerations influenced the appointment of Mrs. Howard at that time as controlled the chairman in appointing according to the insistence of Howard instead of that of Bishop in the last appointment. The fact that the Howard grandparents had raised and had custody of the boy, no doubt determined the action of the county court in both instances. Before Bishop executed his bond, the petition of Howard was filed and the chairman, feeling no doubt that he had been misled by Bishop and that Bishop had been guilty of unseemly haste in appearing the day after the death of Mrs. Howard and asking for the appointment, and preferring no doubt, to let Howard designate the guardian, as he had raised and had custody of the minor, it is probable that he would in this situation ask the parties and counsel to consent that the matter might be treated as upon two pending applications.

When the Circuit Judge had held that the petition of Howard must be dismissed because no ground was shown for removing Bishop, the bill of exceptions contains this:

"Thereupon, W. H. Conatser, one of the attorneys for the petitioner, Howard, stated to the court that on the trial in the county court, before the chairman of said court, who tried this contest over the guardianship of Hollis Bishop, that the same was tried by said chairman by agreement of himself and Mr. Rankin for Bishop as though no letters of guardianship had been issued to J. J. Bishop; that said J. J. Bishop had obtained the appointment as guardian and letters of guardianship had been issued to him, in the anticipation that proper guardian bond would be made with the United States Fidelity and Guaranty Company as sureties, but no bond had been made, filed or approved when W. N. Howard filed his petition contesting the appointment of J. J. Bishop and urging the appointment of his son, J. R. Howard, when Mr. Rankin, attorney for J. J. Bishop, admitted in open court that it was true that he had made the agreement and that the case had been tried by the chairman on such agreement, but insisted that such agreement was not binding upon him in this court, but stated that the agreement was that the chairman could hear proof if he wanted to, he was relying on the pleadings."

And further on in the bill of exceptions we find:

"In the argument of the motion for a new trial it was stated by Mr. Rankin again that he had made the agreement aforesaid with Mr. Conatser when the case was heard by the county chairman, but he took the position that the case was being tried de novo and that such agreement was not binding upon him in this court; further he admitted that this same J. J. Bishop contested the appointment of Mrs. W. N. Howard, the mother of J. R. Howard, by proceedings in the county court."

Mr. Rankin's statement of what took place before the chairman of the county court as set out in the reply brief is as follows:

"When the case was called for trial before the chairman as the record shows the petition was read and the motion of defendant was read in defense and the chairman said he believed he would just hear the matter as if no appointment had been made to see which of the two was the one to be guardian and J. J. Bishop by his counsel said to the court that he could do as he pleased about the matter but that the defendant was relying on the record as to his defense."

This sets out no agreement. For counsel to say to the court that the court can do as it pleases, amounts to no agreement. If this was all, counsel for Bishop would have had no occasion to admit in the circuit court that he had made the agreement as stated by counsel

for Howard, that the case might be heard as upon two conflicting applications, neither of which had been acted upon. Instead, counsel for Bishop would have denied that he made any agreement whatever, and counsel, if what is set out in the reply brief is all that took place in the hearing before the county chairman, would never have said in the circuit court that the case was being tried de novo and therefore the agreement in the county court was not binding. This confession and avoidance involves the admission of an agreement binding in the county court, that the matter should be considered and disposed of as upon two pending applications. We think it clear that there was such an agreement and the chairman having exercised his discretion to appoint J. R. Howard who qualified, gave bond and took charge of the minor's estate, and J. J. Bishop having appealed to the circuit court, from the action of the county court, the matter was not triable as a proceeding to remove Bishop as an appointed and qualified guardian and it was error to so try the case. There was nothing, therefore, before the circuit court to justify its action in reversing the appointment made by the county chairman and declaring Bishop guardian.

The second and third assignments of error as indicated, are sustained and the case is reversed. An order will be entered affirming the action of the county court in appointing J. R. Howard guardian of said minor. The defendant Bishop will pay the costs.

Owen and Senter, JJ., concur.